IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TROY RANDELL EDMON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:14-cv-2471-K-BN |
| | § | |
| DOROTHY FLOYD, Superintendent, | § | |
| Terrell State Hospital, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Troy Randell Edmon has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his arrest and detention for assault/family violence. *See* Dkt. No. 6. The habeas petition should be construed as a 28 U.S.C. § 2241 petition and dismissed under the *Younger* abstention doctrine.

**Background**

On August 24, 2013, Petitioner was arrested by officers with the Dallas County Sheriff's Department. He contends that the "mob of sheriffs" broke down his door without a search or arrest warrant, that he was denied an examining trial, that he has been illegally confined under a "pretend indictment," and that he has been denied effective assistance of counsel regarding the pending charges. *See* Dkt. No. 6 at 6-7. By this habeas petition, Petitioner seeks immediate release from custody. *Id.* at 7.

On June 30, 2014, Petitioner filed correspondence with the Court that was construed as both a civil rights action under 42 U.S.C. § 1983 and a federal habeas

-1-

petition. *See* Dkt. Nos. 3 & 4. Petitioner then filed an amended petition pursuant to the Court's order on July 28, 2014. *See* Dkt. Nos. 5 & 6.

By this petition, Petitioner generally alleges that he is being unlawfully confined. *See* Dkt. No. 6.

## Legal Standards

A pre-trial detainee may challenge the State's power and authority to bring him to trial and the constitutionality or lawfulness of his confinement by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987).

But, under the *Younger* abstention doctrine, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas,* No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (citing cases); *see also Younger v. Harris,* 401 U.S. 37, 43-45 (1971). The requirement that a petitioner prove "extraordinary circumstances" to obtain federal relief is grounded in the principals of comity and federalism. *Younger*, 401 U.S. at 44. The principles of comity and federalism inspired the policy of preventing federal courts from issuing injunctions or declaratory judgment while state court proceedings were ongoing. *See Kolski v. Watkins,* 544 F.2d 762, 766 (5th Cir. 1977).

This restraint has been extended to writs of habeas corpus. *See id.* ("federal habeas relief prior to a pending state criminal trial is [no] different from the type of

relief sought in *Younger*.").

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.,* 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)) (internal citations omitted).

## Analysis

The Court should decline to exercise jurisdiction over this case pursuant to the *Younger* abstention doctrine and dismiss Petitioner's 28 U.S.C. § 2241 application.

All prerequisites for abstention under *Younger* are met. There is an ongoing state judicial criminal proceeding that Petitioner alleges is pending. *See* Dkt. Nos. 3 & 6. A determination by this Court that Petitioner's arrest was improper would interfere with the state criminal proceedings. And "[t]he state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir. 1992) (citing *Younger*, 401 U.S. at 41) ("under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff."). Finally, Petitioner has full opportunity to raise his constitutional challenges in the Texas state courts on

direct appeal in the event of conviction or through a state habeas writ challenging his detention or conviction. *See DeSpain,* 731 F.2d at 1176. Petitioner reports that he has submitted such a pre-trial writ. *See* Dkt. No. 6 at 6; *see also Ex parte Edmon*, WR-37,932-05 (Tex. Crim. App. Mar. 5, 2014).

All three conditions of *Younger* are met in this matter. This Court may refuse to abstain if an exception applies, but no exception applies here.

The Court should abstain from jurisdiction over Petitioner's claims.

## Recommendation

Petitioner's application for habeas relief should be construed as a 28 U.S.C. § 2241 application and should dismissed under the *Younger* abstention doctrine.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996).

DATED: August 22, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE